UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LORI DAUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV1967 CDP |
| | ) | |
| CENTRAL CREDIT SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On July 31, 2009, judgment was entered in this unfair debt collection case in favor of plaintiff Lori Daugherty. Daugherty has now filed a bill of costs and a motion for attorney's fees under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692*o*. In response, defendant Central Credit Sources objects that Daugherty's motion is out of time and seeks unreasonable fees. Daugherty subsequently requested leave to file her motion out of time. Because Daugherty has shown good cause for her delay, I will grant her motion for leave to file out of time. Additionally, I determine that Daugherty is entitled to costs in the amount of $441.00, and attorney's fees in the amount of $9115.50.

*Bill of Costs*

Plaintiff first submits a bill of costs in the amount of $441.00, claiming costs for fees of the clerk and fees for service of summons and subpoena. Under

Rule 54(d), Fed. R. Civ. P., "costs — other than attorney's fees — should be allowed to the prevailing party." The specific costs that are recoverable are set out in 28 U.S.C. § 1920 as follows:

    (1)    Fees of the clerk and marshal;

    (2)    Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

    (3)    Fees and disbursements for printing and witnesses;

    (4)    Fees for exemplification and copies of papers necessarily obtained for use in the case;

    (5)    Docket fees under section 1923 of this title;

    (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Here, plaintiff was the prevailing party, and the costs she requests are specified in § 1920, so the defendant will be taxed $441.00.

*Attorney's Fees*

Plaintiff next requests reasonable attorney's fees under 15 U.S.C. § 1692k(a)(3) in the amount of $13,986.00. Under 15 U.S.C. § 1692k(a)(3), a debt collector found to have used unfair debt collection practices against the plaintiff is liable to her for costs and reasonable attorney's fees as determined by the Court. Here, even though Daugherty received only limited damages, she was the prevailing party and is entitled to reasonable attorney's fees under section

1692k(a)(3). *See* 15 U.S.C. § 1692k(a)(3); *Zagorski v. Midwest Billing Servs., Inc.*, 128 F.3d 1164, 1165-66 (7th Cir. 1997) (plaintiff was successful party in fair debt collection case when parties stipulated to entry of judgment against defendant). Even if Daugherty were not entitled to fees under section 1692k(a)(3), however, defendant would still be bound to pay the fees because it offered to do so in its Rule 68 offer of judgment, which Daugherty accepted. *See Hennessy v. Daniels Law Office*, 270 F.3d 551, 553-54 (8th Cir. 2001)(within the Eighth Circuit, an offer of judgment is treated as an offer to make a contract, and a party's acceptance of that offer binds the offeror to the offer's terms). Accordingly, defendant is liable to Daugherty for reasonable attorney's fees under both section 1692k(a)(3) and its offer of judgment.

In order to determine the amount of reasonable attorney's fees, I should employ the "lodestar" method where the starting point "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Quigley v. Winter*, Nos. 08-3630, 08-3752, 2010 WL 909603, at *17-18 (8th Cir. Mar. 16, 2010) (district courts are to apply *Hensley's* lodestar approach when determining reasonable attorney's fees). Once I have determined that amount, I should consider a number of other factors to determine whether the fee should be adjusted upward or

downward.[1]  *Id.* at 434; *see also City of Riverside v. Riveria*, 477 U.S. 561, 568 n.3 (1986).

In this case, Daugherty' attorney, Mark Kragel, has submitted an affidavit seeking compensation for 60.30 hours of his time, 29.40 hours of time of attorney Debra Lumpkins, and 16 hours of time of paralegal Pam Gallagher.  Mark Kragel's hourly rate is $150.00, Lumpkins's is $250.00, and Gallagher's is $100.00.  Accordingly, by plaintiff's own lodestar calculations, her attorney's fees for this case total $13,986.00.   Attorney's fees should be "based on the market rate for the services rendered." *Missouri v. Jenkins*, 491 U.S. 274, 283 (1989). Daugherty has supported her claims concerning the reasonableness of the billing rates of Kragel, Lumpkins, and Gallagher with affidavits.  Defendant does not object to the billing rates of Kragel and Gallagher, but it does object to Lumpkins's hourly rate of $250.00.

---

[1] The factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney because of acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) amount involved and results obtained; (9) the attorneys' experience, reputation, and ability; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) the awards in similar cases. *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974) (limited by *Blanchard v. Bergeron*, 489 U.S. 87 (1989)); *see also Arbor Hills Concerned Citizens Neighborhood Ass'n v. County of Albany & Albany County Bd. of Elections*, 522 F.3d 182, 186-90 (2d Cir. 2008) (discussing interplay of lodestar approach and *Johnson* factors).

I conclude that Daugherty has submitted sufficient evidence that Lumpkins's hourly rate of $250.00 is reasonable. However, I will deduct from Lumpkins's total requested fees the time she spent communicating with co-counsel, because I do not believe this case was so complicated that these fees are necessary. *See Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974) (limited by *Blanchard v. Bergeron*, 489 U.S. 87 (1989)). I will also deduct time spent by counsel working on plaintiff's case against another defendant. Accordingly, using the lodestar method of multiplying the reasonable hours billed by the reasonable billing rates, I determine that the reasonable attorney's fees in this case are $9115.50.

Finally, defendant argues that I should reduce this award because, it contends, plaintiff had limited success in her claims against it. In *Hensley*, the Supreme Court noted that the "results obtained" issue is a factor when a plaintiff succeeds on at least one claim, but fails on another claim that is unrelated to her successful claim. *Hensley*, 461 U.S. at 434-35. In this case, defendant offered – and plaintiff accepted – judgment against it, and plaintiff is, therefore, the prevailing party. Defendant seems to argue that plaintiff had limited success because the offer of judgement was for $1,001.00. However, the Supreme Court has declined to rule that the attorney's fees recoverable in a fee-shifting case should be proportionate to damages recovered. *See Riveria*, 477 U.S. at 581; *see*

*also Zagorski*, 128 F.3d at 1165-66 (attorney's fees recoverable in unfair debt collection case when plaintiff recovered judgment in the amount of $100.00). Thus, I will not reduce the award of attorney's fees because of the limited award amount.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for a bill of costs and attorney's fees [#37] is granted, and the Clerk of the Court shall tax costs in the amount of $441.00, and defendant is required to pay plaintiff her reasonable attorney's fees in the amount of $9115.50.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave [#45] is granted.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 21st day of April, 2010.